UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jasmine Cumbow,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jessica Medina, et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01766-JAD-BNW<br><br>**ORDER** |

　　　This is a civil-rights case in which Plaintiff, an inmate at Florence McClure Women's Correctional Center, is proceeding pro se and *in forma pauperis*. ECF Nos. 1 and 5. The district judge assigned to this case screened the complaint and allowed her case to proceed on the Fourteenth Amendment inadequate-medical-care claim against Defendant Medina. ECF No. 5. Proof of service was due on August 3, 2025. Plaintiff moved to extend the time to serve and for serving assistance on August 15, 2025. ECF No. 9. For the reasons discussed below, this Court grants Plaintiff's motion and directs the U.S. Marshals to attempt service on Defendant Medina.

**I.　　DISCUSSION**

　　　Federal Rule of Civil Procedure 4 provides that a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). This rule requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

　　　**A.　　Step 1: good cause.**

　　　For the first step, a showing of good cause requires, at a minimum, excusable neglect. *In re Sheehan*, 253 F.3d at 512. To determine whether excusable neglect rises to the level of good

cause, the court must analyze whether: (1) the party to be served received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 512. At this first step, the court must afford a pro se litigant "considerable leeway," "especially when the litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, Plaintiff moves for more time to serve Defendant Medina because her incarcerated status and limited resources make it difficult to locate Defendant. It is unclear whether Defendant Medina has received actual notice of the lawsuit or whether she would suffer prejudice by the extension. However, Plaintiff would be prejudiced if her complaint was dismissed. This Court finds good cause to extend the time for service given the considerable leeway courts must afford pro se, incarcerated litigants. And even if this Court did not find good cause, it would exercise its discretion to extend the time for service. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Given the above finding, this Court need not consider excusable neglect.

### B. Service by the U.S. Marshals.

Under 28 U.S.C. § 1915(d), "officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Accordingly, this Court orders the U.S. Marshal to effect service on Defendant Medina as outlined below.

## II. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to extend the time for service (ECF No. 9) is **GRANTED**. Service upon Defendant Medina must be complete by November 19, 2025.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue a summons to Defendant Medina; (2) deliver the summons, one copy of the ECF No. 6 complaint, and this Order to the U.S. Marshal; and (3) mail Plaintiff one blank copy of Form USM-285. Once Plaintiff receives the USM-285 form, Plaintiff must fill in an address for Defendant Medina. Plaintiff must then send the completed USM-285 form to the U.S. Marshal.

**IT IS FURTHER ORDERED** that the U.S. Marshal must, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Defendant Medina no later than November 20, 2025.

DATED: August 22, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE